FILED

2015 May-20  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KIMBERLY L. BRANNON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 4:13-CV-1229-VEH |
| | ) |
| CITY OF GADSDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
## AND ORDER SEVERING LAWSUIT

**I.     Introduction**

Plaintiffs initiated this action on July 1, 2013 (Doc. 1), and filed their most

recently amended complaint (Doc. 63) on April 9, 2015. On March 10, 2015, after

first raising the issue of severance with the parties at a hearing held on February 4,

2015, the court entered an order requiring the parties to file a report of parties'

planning meeting and to include within there "whether they are in agreement that

severing this case into two lawsuits is appropriate so that the claims involving the

[City of Anniston] will be separate from those involving the [City of Gadsden]."

(Doc. 62 at 38); *see also* Fed. R. Civ. P. 21 ("The court may also sever any claim

against a party.").

The parties filed their report (Doc. 68) on May 1, 2015, and jointly indicated that "the claims of the Gadsden Plaintiffs should be severed from those of the Attalla Plaintiffs and that the claims be consolidated for discovery purposes with such discovery being conducted within the parameters of this report." (Doc. 68 at 8).

## II.    Standard

Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21 (emphasis added).

Severance under Rule 21 is directly related to permissive joinder of parties under Rule 20. As Rule 20 pertains to joining plaintiffs in pertinent part:

> (a) Persons Who May Join or Be Joined.
>
> > (1) Plaintiffs. Persons may join in one action as plaintiffs if:
> >
> > > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> > >
> > > (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a).

A district court's decision to allow joinder or order severance is a discretionary one. *See, e.g., Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973) ("The district judge acted <u>within his discretion</u> in allowing the joinder under Rule 20(a), as well as denying the motion for severance under Rule 20(b).") (emphasis added);[1] *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 (11th Cir. 2000) ("We review a district court's joinder of Plaintiffs' claims and denial of severance for abuse of discretion.") (citing *Nor-Tex Agencies*, 482 F.2d at 1100), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003).

## III.   Ruling

With the written consent of all parties, the court concludes that it is appropriate to sever this case into two separate actions on the basis of which municipal defendant is alleged to be liable to each one of the plaintiffs–the City of Gadsden or the City of Attalla. Accordingly, the claims of Plaintiffs Kimberly L. Brannon, Joseph R. DuBose, Dustin A. Loyd, Jason L. Lynn, Erica Snow, and Roy Myers (the "Gadsden Plaintiffs") are **HEREBY SEVERED** from the claims of Plaintiffs Charles Cantrell,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Ricky L. Hunter, and Dustin A. Loyd (the "Attalla Plaintiffs").[2] The Gadsden

Plaintiffs will remain as the named plaintiffs in this lawsuit (*i.e.*, 4:13-CV-1229-

VEH).

Further, the clerk is **HEREBY DIRECTED** to assign a new civil action case

number to the severed claims of the Attalla Plaintiffs. The parties are still permitted

to conduct discovery in a collective manner when appropriate as so stipulated in their

report. Finally, the new case as well as this action shall both be assigned to the

undersigned.

**DONE** and **ORDERED** this 20th day of May, 2015.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] Because Plaintiff Dustin A. Loyd has asserted claims against both municipal
defendants (Doc. 63 at 24-29 ¶¶ 89-101), he will be a named plaintiff in both actions.